UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Derrick D. Hentschel

   v.                                    Civil No. 16-cv-426-JL

John Doe et al.[1]

### REPORT AND RECOMMENDATION

Derrick D. Hentschel, an inmate in the custody of the New Hampshire Department of Corrections ("DOC") has filed a complaint (Doc. No. 1), pursuant to 42 U.S.C. § 1983. The complaint is before this magistrate judge for preliminary review, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(a), and LR 4.3(d)(1).

### Preliminary Review Standard

Because Hentschel is appearing pro se, the court construes his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court may dismiss Hentschel's complaint, or any part of the complaint, if it "fails to state a claim on which relief may be granted." 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1);

---

[1]The defendants named in the complaint are: two John Doe inmates; a prison gang, the Brotherhood of White Warriors (identified as either "BOWW" or the "Band of White Warriors"); a John Doe Corrections Officer; a John Doe New Hampshire Department of Corrections ("DOC") Investigations officer; Lt. Newton, whose first name is unknown; DOC Classifications employee Kim Lacasse; DOC Commissioner William Wrenn; and New Hampshire State Prison Warden Michael Zenk.

LR 4.3(d)(1)(A).  To determine if the complaint states a claim, the court first disregards plaintiff's legal conclusions and then considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

Hentschel alleges that on September 13, 2016, he was assaulted by two John Doe inmates at the Northern New Hampshire Correctional Facility ("NCF").  The Doe inmates, Hentschel states, are members of a prison gang known as "BOWW."  Hentschel states that BOWW, and it members, are his "enemies."  Hentschel states that prior to his placement at NCF, he advised DOC Investigations Bureau officials that BOWW members were his enemies, and that placement at NCF would be problematic for him due to his prior "issues" with BOWW.  Despite that, DOC Classifications employee Kim Lacasse, knowing he had BOWW enemies at NCF, placed him at that facility, where he was housed on a unit where there were BOWW members.

After the September 13, 2016 assault, Hentschel requested

to be placed into protective custody, and was sent to the "receptions area" and placed in segregation. The following day, DOC Lt. Newton and a John Doe Investigations Bureau officer acknowledged the threat posed to Hentschel by BOWW, and stated they were sending Hentschel to NCF's Block-F. Hentschel alleges that he was assaulted on Block-F in 2012, and believed that placement on Block-F posed a threat to him. Accordingly, he states, he refused the placement, and Newton issued him a disciplinary report for refusing a direct order. Hentschel was returned to the receptions area at that time.

## Discussion

### I. Claims To Be Served

#### A. Failure to Protect

Hentschel has alleged the minimum facts necessary to proceed on Eighth Amendment failure to protect claims against Lacasse, for placing him at NCF with knowledge that that placement would create a risk to Hentschel's safety. Hentschel has also asserted sufficient facts to assert Eighth Amendment failure to protect claims against defendant Newton and a John Doe Investigations Bureau officer for placing him in a housing unit at NCF with BOWW members, knowing the risk such placement

3

posed to Hentschel's safety.  In an Order issued simultaneously with this Report and Recommendation, the court directs service of the complaint, in regard to these failure to protect claims, against defendants Lacasse, Newton, and a John Doe Investigations Bureau officer.[2]

    B.    Assault

Hentschel has alleged sufficient facts to proceed on a state law tort claim of assault against the two John Doe inmates alleged to have assaulted Hentschel on September 13, 2016.  In the Order issued simultaneously with this Report and Recommendation, the court authorizes service of the complaint, in regard to the assault claims, on the two Doe inmates.  In that Order, plaintiff is directed to amend his complaint to identify those inmates so that they may be served.

**II. Insufficiently Asserted Claims**

To the extent Hentschel seeks to assert claims against BOWW, a John Doe Intake officer, DOC Commissioner William Wrenn,

---

[2]Hentschel has identified one John Doe Investigations Bureau officer as a defendant in the caption of his complaint, but refers to multiple John Doe Investigations Bureau officers in the complaint narrative.  The court construes the complaint to have named only one John Doe Investigations Bureau officer.  If Hentschel intends this suit to proceed against more than one John Doe Investigations Bureau officer, he must move to amend his complaint accordingly.

and NHSP Michael Zenk, he has failed to assert any facts to support any actionable claim against those defendants. Accordingly, the claims against BOWW, a John Doe Intake Officer, Wrenn, and Zenk, should be dismissed, and those defendants should be dropped from this action.

### Request for Preliminary Injunctive Relief

In his prayer for relief, Hentschel includes a request that the court issue an injunction directing the defendants to place him in a safe environment while he is in the custody of the DOC. In the Order issued simultaneously with this Report and Recommendation, the court directs the defendants to respond to Hentschel's request for injunctive relief.

### Conclusion

For the foregoing reasons, the district judge should dismiss the claims asserted against BOWW, a John Doe Intake officer, Wrenn, and Zenk, and drop those defendants from this case.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the

Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

*[signature: Andrea K. Johnstone]*
Andrea K. Johnstone
United States Magistrate Judge

April 4, 2017

cc: Derrick D. Hentschel, pro se